IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GEORGE WARREN                                                                                    PLAINTIFF

VS.                                                                        CASE NO.: 3:18-cv-304-CWR-FKB

SUNFLOWER NO. 88, INC. AND
DON V. SCHILLING, JR. INDIVIDUALLY                                                 DEFENDANTS

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, George Warren (herinafter "Plaintiff") files this action against Defendants, Sunflower No. 88, Inc. (hereinafter either "Sunflower") and Don V. Schilling, Individually (hereinafter "Schilling"), collectively referred to as "Defendants", for unpaid overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum

standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. Plaintiff brings this action under the FLSA to recover from Defendants overtime compensation, liquidated damages and reasonable attorney's fees and costs.

## JURISDICTION

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. § 201, *et seq.* to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

4. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

5. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff either worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

## PARTIES

7. At all material times hereto, Plaintiff is and continues to be a resident of Washington County, Mississippi and worked for Defendants in Sharkey County, Mississippi.

8. Plaintiff was employed by Defendants as an "assistant supervisor".

9. At all material times hereto, Defendants operated and conducted business in and around Sharkey County, Mississippi.

## COVERAGE

10.     At all material times hereto (2014-2017), Plaintiff was an "employee" within the meaning of the FLSA.

11.     At all material times hereto (2014-2017), Defendants were the "employer" within the meaning of the FLSA.

12.     At all material times hereto (2014-2017), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13.     At all material times hereto (2014-2017), Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14.     At all material times hereto (2014-2017), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

15.     At all material times hereto (2014-2017), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

16.     At all material times hereto (2014-2017), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

        a.     Operated instrumentalities of commerce;

        b.     Transported goods in commerce;

        c.     Used channels of commerce;

        d.     Communicated across state lines; and/or

        e.     Performed work essential to any of the preceding activities.

17.     At all material times hereto (2014-2017), the work performed by Plaintiff was directly essential to the operations performed by Defendants.

18. At all material times hereto (2014-2017), Defendants failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## FACTUAL ALLEGATIONS

19. Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

20. Defendant, Sunflower Foods is a grocery store headquartered in Rolling Fork, Mississippi.

21. Plaintiff, George Warren worked for Defendants from approximately March 25, 2016 until July 7, 2017 as an assistant supervisor for which he was compensated at a rate of $600.00 per week for all hours worked in a given workweek.

22. Plaintiff's job duties included opening the store, checking the delivery trucks in, setting up and stocking the store, assisting customers and making the evening deposit.

23. All of the tools, equipment and supplies used by Plaintiff in performance of his job were provided by Defendants.

24. Defendants purported to classify Plaintiff as an exempt employee for FLSA purposes.

25. Plaintiff routinely worked over forty (40) hours in a given workweek; however, he was not compensated at a rate of time and one-half his regular rate of pay for those overtime work hours.

26. Upon information and belief, Plaintiff typically worked between fifteen (15) and twenty (20) hours of overtime every workweek.

27. Rather than pay Plaintiff overtime compensation at a rate of time and one-half his regular rate of pay for his overtime work hours, Defendants implemented and

maintained a policy whereby they only paid Plaintiff his regular rate of pay (straight time) for all hours worked in a given workweek.

28. Plaintiff was not fully compensated for hours worked over forty (40) in any given workweek.

29. As such, Plaintiff is owed half-time back pay for all of his overtime hours.

30. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff. Defendants knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiffs under 29 C.F.R. 516.

31. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

32. Plaintiff readopts and reincorporates paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

33. At all material times hereto, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiffs' regular rate of pay.

34. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

35. At all times material hereto, Defendants failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

36. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the

statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

37. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

39. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

40. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4 with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

  a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

  b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

  c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

  d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the

   litigation pursuant to 29 U.S.C. §216(b);

 e. Awarding Plaintiff pre-judgment interest;

 f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this the 11th day of May, 2018.

     Respectfully submitted,
     GEORGE WARREN, PLAINTIFF

     */s/ Christopher W. Espy*
     Christoper W. Espy, Esq. (MSB#: 102424)
     MORGAN & MORGAN, PLLC
     4450 Old Canton Road, Suite 200
     Jackson, Mississippi 39211
     Tel: 601-718-2087
     Fax: 601-718-2102
     Email: cespy@forthepeople.com

     ATTORNEY FOR PLAINTIFF